Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel  (310) 556-9620
Fax (310) 388-0270
Cal. Bar. No. 145232

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| Peggy Walters,<br><br>    Plaintiff,<br><br>v.<br><br>Medicredit, Inc.<br><br>    Defendant. | Case No. 14-cv-00421<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |
|---|---|

## PARTIES

1. Plaintiff, Peggy Walters, ("Peggy"), is a natural person who resided in Turlock, California, at all times relevant to this action.

2. Defendant, Medicredit, Inc., ("Medicredit"), is a Missouri Corporation that maintained its principal place of business in Columbia, Missouri, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because the events that gave rise to this action occurred in this District.

## STATEMENT OF FACTS

5. Medicredit uses a predictive dialer system.

6. Before Medicredit began contacting Peggy, it and Peggy had no prior business relationship and Peggy had never provided express consent to Medicredit to be contacted on her cellular telephone.

7. Medicredit regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of Medicredit's revenue is debt collection.

9. Medicredit is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, Medicredit contacted Peggy to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Peggy is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, Medicredit willingly and knowingly used an automatic telephone dialing system to call Peggy on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Some time ago, Medicredit began contacting Peggy on Peggy's cellular phone in connection with the collection of the debt.

15. During the initial communication, Peggy disputed the debt and requested Medicredit cease further calls to Peggy.

16. Despite this request, Medicredit contacted Peggy on Peggy's cellular phone in connection with the collection of the debt on numerous occasions.

17. On more than one occasion, Medicredit contacted Peggy on Peggy's cellular phone in connection with the collection of the debt multiple times a day.

18. On more than one occasion, Peggy disputed the debt and requested Medicredit cease further calls to Peggy.

19. On at least one occasion, Medicredit was aggressive and threatened to file a lawsuit against Peggy if Peggy didn't pay the debt.

20. Medicredit has not filed a lawsuit against Peggy.

21. Medicredit never intended to file a lawsuit against Peggy.

22. Medicredit caused Peggy emotional distress.

23. Medicredit attempted to collect a debt from Peggy.

24. Medicredit violated the FDCPA and TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FIVE

### Violations of the Telephone Consumer Protection Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:____/s/ Arturo Matthews_____
One of Plaintiff's Attorneys

Arturo Matthews
Of Counsel, Hyslip & Taylor LLC LPA

1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel  (310) 556-9620
Fax (310) 388-0270
Cal. Bar. No. 145232